AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means      ☐ Original      ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| In the Matter of the Search of | ) Case No. 5:23-MJ-00369 |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) |
| A USPS Priority Mail parcel bearing tracking label 9505 5150 6926 3200 8881 50, seized on July 21, 2023, and currently in the custody of the United States Postal Inspection Service | ) |
| | ) |
| | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for____days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   _____        _____

                                                                                              *Judge's signature*

City and state:      <u>Riverside, CA</u>                     <u>Honorable Sheri Pym, U.S. Magistrate Judge</u>
                                                                                       *Printed name and title*

AUSA: Courtney N. Williams (x1473)

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| **Certification** |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>AFFIDAVIT</u>

I, Anthony Herrera Jacobs, being duly sworn, declare and state as follows:

## I. <u>PURPOSE OF AFFIDAVIT</u>

1.    This affidavit is made in support of an application for a warrant to search a United States Postal Service ("USPS") Priority Mail parcel currently in the custody of the United States Postal Inspection Service ("USPIS").  The parcel, as described more fully in Attachment A, is a USPS Priority Mail parcel bearing tracking label number 9505 5150 6926 3200 8881 50, weighing approximately 4 pounds and 13 ounces, with a return address of "Urge Palette 3635 9th street Riverside, Ca. 92501" and a recipient address of "Linda Hayes 3489 Lexington Ave Apt 1 Mohegan Lake, Ny 10547" (the "SUBJECT PARCEL").  Attachment A is incorporated by reference herein.

2.    The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance); 846 (conspiracy to distribute and possess with intent to distribute a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the "SUBJECT OFFENSES"), as described more fully in Attachment B. Attachment B is incorporated by reference herein.

3.    The facts set forth in this affidavit are based on my personal observations, my training and experience, and

information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are provided in substance and in part only.

## II.  <u>BACKGROUND OF AFFIANT</u>

4.    I am a United States Postal Inspector employed by USPIS.  I joined USPIS in August 2003.  I am currently assigned to the USPIS Los Angeles Division, Narcotics Team and Parcel Task Force, which is responsible for investigating drug trafficking organizations that use parcels to distribute illegal narcotics and narcotics proceeds.  As part of my law enforcement duties, I have conducted over 150 parcel investigations that have resulted in the arrest of individuals who have received and distributed controlled substances, as well as the seizure of 750 parcels containing a total of approximately 80 kilograms of fentanyl, 97 kilograms of cocaine, 613 kilograms of methamphetamine, 10 pounds of heroin, and 5 gallons of PCP.  I have written over 240 search warrants on parcels and residences resulting in currency seizures of over $3 million dollars in drug proceeds.  I have used cooperating defendants in purchases of controlled buys in furtherance of federal cases.  Many of these federal cases involved the search and seizure of digital devices during the investigations.

### III. <u>BACKGROUND, TRAINING, AND EXPERIENCE REGARDING</u>
### <u>THE SUBJECT OFFENSES</u>

5.   Based on my training and experience as a Postal
Inspector, and the experiences told to me by fellow Postal
Inspectors who specialize in drug investigations, I know the
following:

a.   Postal Inspectors have been conducting
investigations of drug trafficking via USPS Express Mail and
Priority Mail since the mid-1980s.  In the early 1990s, Postal
Inspectors in Los Angeles, California, and surrounding regions
such as the High Desert and Low Desert areas that include
Riverside and San Bernardino Counties, began conducting
organized interdictions of Priority Mail Express and Priority
Mail parcels suspected of containing controlled substances and
proceeds from the sale of controlled substances.  Postal
Inspectors also regularly examined and investigated Priority
Mail Express and Priority Mail parcels.  During the 1990s,
Postal Inspectors observed that the trend was for drug
traffickers to send controlled substances and proceeds from the
sale of controlled substances, in the form of cash, using boxes.

b.   Although Postal Inspectors still see the use of
boxes for controlled substances and cash, there has been a
gradual change over the years toward the current trend of using
smaller boxes, flat cardboard envelopes, and Tyvek envelopes,
with proceeds from the sale of controlled substances converted
to money orders.  By using money orders, drug traffickers can

send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel.

c.    The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant source area for controlled substances.  Controlled substances are frequently transported from the Inland Empire area via USPS, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via USPS.  These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000.  Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

d.    Drug traffickers often use one of two USPS services:  Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product.  Drug traffickers use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the article's progress to the intended delivery point.  Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution.  Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers can track the article's

4

progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

6.    Based on my training and experience, and the collective experiences told to me by fellow Postal Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

a.    The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

b.    The parcel bears a handwritten label, whether USPS Express Mail or Priority Mail;

c.    The handwritten label on the parcel does not contain a business account number;

d.    The seams of the parcel are all taped or glued shut;

e.    The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

f.    Multiple parcels are mailed by the same individual, on the same day, from different locations.

7.    Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses or examination by a trained drug detection dog.

8.    I know from my experience and training that drug traffickers often use fictitious or incomplete names or

addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases. Indeed, it is my experience that to the extent real addresses are ever used it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

## IV.   STATEMENT OF PROBABLE CAUSE

9.    On April 25, 2023, I was contacted by USPIS Task force Officer Jake Burger of Des Moines, Iowa.  TFO Burger told me that he was conducting a narcotics investigation related to a controlled purchase he conducted of multi-colored "M30" pills mailed in a parcel from a Moreno Valley Post Office to Des Moines, Iowa (the "Iowa Parcel").  TFO Burger asked for assistance in retrieving video surveillance of the sender of the Iowa Parcel.

10.   TFO Burger explained that the M30 pills were the colored version, weighed approximately 170 grams, and were purchased for $5,200.  TFO Burger sent me photos of the Iowa Parcel that the fentanyl pills were shipped in.  The Iowa Parcel was mailed from the Moreno Valley Post Office located at 24040 Postal Avenue, Moreno Valley, California on March 20, 2023.  The listed return address on the Iowa Parcel was "Mark Rubio 1398 Ransom Rd Riverside, Ca 92506" and the recipient address was "Sarah Rubio 308 w Boston Apt3 Indianola, IA 50125."  The labels on the parcel were created using what appears to have been a label maker.

11.   On May 4, 2023, Riverside Police Department Detective Scott Levesque retrieved the March 20, 2023 video surveillance

from the Moreno Valley Post Office for this investigation.  At
my direction, Detective Levesque showed a photo of the sender of
the Iowa Parcel to the postal employees and instructed them to
call if the same individual returned to mail another parcel.

12.  On May 24, 2023, I received a call from a USPS
employee, K.C., at the Moreno Valley Post Office.  K.C. told me
that a man matching the photo of person who sent the Iowa parcel
was in the Moreno Valley Post Office lobby with parcel 9505 5148
6777 3144 9233 45.  The man mailed the parcel and paid for
postage in cash.  The parcel was sent to New Haven, Connecticut.
I asked K.C. to set aside the parcel.

13.  Later that same day, I reviewed the video surveillance
from the March 20, 2023 mailing, and determined that the person
who sent parcel 9505 5148 6777 3144 9233 45 was the same person
that mailed the Iowa Parcel.

14.  On May 26, 2023, I obtained a federal search warrant
for parcel 9505 5148 6777 3144 9233 45, which was signed by the
Honorable Kenly Kato, United States Magistrate Judge for the
Central District of California.  See Exhibit A, which is
incorporated by reference.  That same day I opened the parcel.
It contained 1,056 grams of field-tested fentanyl and 1,046
grams of field-tested cocaine.

15.  On July 20, 2023, through postal business records
searches Detective Levesque learned that the SUBJECT PARCEL was
mailed on July 19, 2023 from the post office located at 4150
Chicago Avenue, Riverside, California 92507.  Detective Levesque
reviewed surveillance video of the mailing and determined the

sender of the SUBJECT PARCEL is the same person who sent the two prior parcels described in this affidavit—both of which contained controlled substances.  The suspect is a Hispanic male with black hair, brown eyes, weighing approximately 225 pounds, standing 5'7' tall.  The suspect was identified as Juan Calderon ("Calderon") who currently an escapee from federal prison where he was serving a sentence for conspiracy to distribute cocaine. According to Detective Levesque, surveillance cameras at the Chicago Avenue post office recorded Calderon driving to the post office in a red Mercedes (currently registered to his wife[1]) when he mailed the SUBJECT PARCEL.I compared CALDERON's California DMV Photo to the mailer of the all three parcels including the SUBJECT PARCEL and concluded it was the same person.

16.  That same day I contacted Sheldon Braithwaite, Sr. Manager of Distribution Operations at the West Chester, New York Processing and Distribution Center.  I asked Braithwaite to retrieve the SUBJECT PARCEL and send it to me for further investigation.  The SUBJECT PARCEL arrived on July 23, 2023 and is now in the custody of USPIS in San Bernardino, California.

17.  On or about July 21, 2023, I used the CLEAR database to check the return and recipient addresses listed on the SUBJECT PARCEL and learned the following:

---

[1] Lorena Calderon. Lorena Calderon's car was used to mail out the second package of one kilogram of cocaine in Exhibit A. Law enforcement looked up the license plate and found the person the is registered to, then they looked up all of the individuals associated with Lorena Calderon and found her husband Juan Calderon. Law enforcement compared a picture of Juan Calderon with the surveillance footage and believe that he is the person on the surveillance footage.

a.   The recipient address listed on the SUBJECT PARCEL is "Linda Hayes 3489 Lexington Ave Apt 1 Mohegan Lake, Ny 10547." CLEAR located the address and I learned that "Linda Hayes" is deceased as of December 18, 2021.

b.   The return address listed on SUBJECT PARCEL is "Urge Palette 3635 9th street Riverside, Ca. 92501." CLEAR located the address and associated "Urge Palette art supply store" with that address.

18.   In my training and experience, drug traffickers will attempt to conceal their identities by using legitimate businesses as a cover. Given that the person who sent the Iowa Parcel as well as parcel 9505 5148 6777 3144 9233 45 (both of which contained various controlled substances) also sent the SUBJECT PARCEL and used indicia suggesting that the parcel may contain controlled substances, I submit that there is probable cause to believe that the SUBJECT PARCEL contains evidence of the SUBJECT OFFENSES.

///

///

## V.   **CONCLUSION**

19.  For the reasons set forth in this affidavit, there is probable cause to believe that the SUBJECT PARCEL, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES, as described in Attachment B.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this ____ day of
_____, 2023.


_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

PARCEL TO BE SEARCHED

The following United States Postal Service ("USPS") Priority Mail parcel seized on July 21, 2023, at the West Chester Processing and Distribution Center located at 1000 West Chester Avenue, White Plains, New York, and currently in the custody of United States Postal Inspection Service in San Bernardino, California as of July 23,2023:

A USPS Priority Mail parcel bearing tracking label number 9505 5150 6926 3200 8881 50, weighing approximately 4 pounds and 13 ounces, with a return address of "Urge Palette 3635 9th street Riverside, Ca. 92501" and a recipient address of "Linda Hayes 3489 Lexington Ave Apt 1 Mohegan Lake, Ny 10547" ("SUBJECT PARCEL").

## ATTACHMENT B

ITEMS TO BE SEIZED

The following are to be seized from the SUBJECT PARCEL described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy to distribute and possess with intent to distribute a controlled substance), and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

a.   Any controlled substances, including marijuana;

b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

c.   Parcel wrappings used to conceal items described in (a) and/or (b).

ii

EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | Case No. 5:23-MJ-00267 |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | |
| A United States Postal Service Priority Mail parcel bearing tracking label number 9505 5148 6777 3144 9233 45, currently in the custody of the United States Postal Inspection Service | ) ) ) ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

> *See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

> *See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 843(b), and 846 | See attached affidavit |

The application is based on these facts:

> *See attached Affidavit*
> ☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
/s/ signed pursuant to Fed. R. Crim. P. 4.1
*Applicant's signature*

United States Postal Inspector, Anthony H. Jacobs
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __May 26, 2023__

_____
*Judge's signature*

City and state: __Riverside, CA__

Honorable Kenly Kiya Kato, U.S. Magistrate Judge
*Printed name and title*

AUSA: Cory Burleson (951-276-6945)

## <u>AFFIDAVIT</u>

I, Anthony Herrera Jacobs, being duly sworn, declare and state as follows:

### I. <u>PURPOSE OF AFFIDAVIT</u>

1.   This affidavit is made in support of an application for a warrant to search a United States Postal Service ("USPS") Priority Mail parcel currently in the custody of the United States Postal Inspection Service ("USPIS").  The parcel, as described more fully in Attachment A, is a USPS Priority Mail parcel bearing tracking label number 9505 5148 6777 3144 9233 45, weighing approximately 8 pounds and 4 ounces, with a return address of "U.S. Plastic, Inc. 1561 Eastridge Ave Ste 102 Riverside, CA 92507" and a recipient address of "Kim Hinds 110 Sherman Ave. New Haven, Ct. 06511" (the "SUBJECT PARCEL"). Attachment A is incorporated by reference herein.

2.   The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance); 846 (conspiracy to distribute or possess with intent to distribute a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the "SUBJECT OFFENSES"), as described more fully in Attachment B.  Attachment B is incorporated by reference herein.

3.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and

information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II.  BACKGROUND OF AFFIANT

4.    I am a United States Postal Inspector employed by USPIS.  I joined USPIS in August 2003.  I am currently assigned to the USPIS Los Angeles Division, Narcotics Team and Parcel Task Force, which is responsible for investigating drug trafficking organizations that use parcels to distribute illegal narcotics and narcotics proceeds.  As part of my law enforcement duties, I have conducted over 150 parcel investigations that have resulted in the arrest of individuals who have received and distributed controlled substances, as well as the seizure of 750 parcels containing approximately 80 kilograms of fentanyl, 97 kilograms of cocaine, 613 kilograms of methamphetamine, 10 pounds of heroin and 5 gallons of PCP.  I have written over 240 search warrants on parcels and residences resulting in currency seizures of over $3 million dollars in drug proceeds.  I have used cooperating defendants in purchases of controlled buys in furtherance of federal cases.  Many of these federal cases involved the search and seizure of digital devices during the investigations.

### III. <u>BACKGROUND, TRAINING, AND EXPERIENCE REGARDING</u>
### <u>THE TARGET OFFENSES</u>

5.   Based on my training and experience as a Postal Inspector, and the experiences related to me by fellow Postal Inspectors who specialize in drug investigations, I declare as follows:

a.   Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In the early 1990s, Postal Inspectors in Los Angeles, California, and surrounding regions such as the High Desert and Low Desert areas that include Riverside and San Bernardino Counties, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances.  Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

b.   Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders.  By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much

smaller conveyances, which lend a sense of legitimacy to the parcel.

c.   The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant source area for controlled substances.  Controlled substances are frequently transported from the Inland Empire area via USPS, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via USPS.  These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000.  Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

d.   Drug traffickers often use one of two USPS services:  Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product.  Drug traffickers use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the article's progress to the intended delivery point.  Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution.  Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track

the article's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

6.   Based on my training and experience, and the collective experiences related to me by fellow Postal Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

a.   The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

b.   The parcel bears a handwritten label, whether USPS Express Mail or Priority Mail;

c.   The handwritten label on the parcel does not contain a business account number;

d.   The seams of the parcel are all taped or glued shut;

e.   The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

f.   Multiple parcels are mailed by the same individual, on the same day, from different locations.

7.   Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses or examination by a trained drug detection dog.

8.   I know from my experience and training that drug traffickers often use fictitious or incomplete names or

addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases. Indeed, it is my experience that to the extent real addresses are ever used it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

## IV. <u>STATEMENT OF PROBABLE CAUSE</u>

9.    On April 25, 2023, I was contacted by USPIS Task force Officer Jake Burger of Des Moines, Iowa.  TFO Burger told me that he was conducting a narcotics investigation related to a controlled purchase of multi-colored "M30" pills, which were mailed in a parcel from a Moreno Valley Post Office to Des Moines, Iowa (the "Iowa Parcel").  TFO Burger asked for assistance in retrieving video surveillance of the individual who mailed the Iowa Parcel.

10.    TFO Burger explained that the M30 pills were the colored version, weighed approximately 170 grams, and were purchased for $5,200.  The M30 pills in the Iowa Parcel tested presumptively positive for fentanyl.  TFO Burger sent me photos of the Iowa Parcel that the fentanyl pills were shipped in.  The Iowa Parcel was mailed from the Moreno Valley Post Office located at 24040 Postal Avenue in Moreno Valley, California, on March 20, 2023.  The listed return address on the Iowa Parcel was "Mark Rubio 1398 Ransom Rd Riverside, Ca 92506" and the recipient address was "Sarah Rubio 308 w Boston Apt3 Indianola, IA 50125."  The labels on the parcel were typed out in print using what appears to have been a label maker.

11.   On May 4, 2023, Riverside Police Department Detective Scott Levesque retrieved the March 20, 2023 video surveillance from the Moreno Valley Post Office for this investigation.  At my direction, Detective Levesque showed a photo of the Iowa Parcel's mailer to the postal employees and instructed them to call if the same individual returned to mail another parcel.

12.   On May 24, 2023, I received a call from a USPS employee, K.C., at the Moreno Valley Post Office.  K.C. told me that a man matching the photo of the Iowa Parcel mailer was in the Moreno Valley Post Office lobby with the SUBJECT PARCEL. The mailer mailed the SUBJECT PARCEL and paid for postage in cash.  I instructed K.C. to set aside the SUBJECT PARCEL.

13.   Later that same day, I reviewed the video surveillance of the Iowa Parcel mailing on March 20, 2023, and determined that the mailer of the SUBJECT PARCEL was the same person that mailed the Iowa Parcel.

14.   I examined the SUBJECT PARCEL and immediately noticed that the labels were typed out in print using what appears to have been a label maker, similar to the Iowa Parcel.

15.   On or about May 24, 2023, I used the CLEAR database to check the return and recipient addresses listed on the SUBJECT PARCEL and learned the following:

     a.   The recipient address listed on the SUBJECT PARCEL is "Kim Hinds 110 Sherman Ave. New Haven, Ct. 06511." CLEAR located the address and was able to connect "Kim Hinds" to that address as of November 2022.

b.    The return address listed on SUBJECT PARCEL is "U.S. Plastic, Inc. 1561 Eastridge Ave Ste 102 Riverside, CA 92507."  CLEAR located the address and associated "U.S. Plastics, Inc." to that address.  That same day, I spoke to assistant manager G.M. of U.S. Plastics, Inc. in Riverside. G.M. has worked for U.S. Plastics, Inc. for seven years.  G.M. told me that U.S. Plastics, Inc. did not send the SUBJECT PARCEL.  He also told me that when U.S. Plastics, Inc. mails parcels, they use FedEx or UPS and pay with a company credit card.

16.   In my training and experience, drug traffickers will attempt to conceal their identities by using legitimate businesses as a cover.  Given that U.S. Plastics, Inc. did not mail the package, and that the mailer previously mailed narcotics from the Moreno Valley Post Office, there is probably cause to believe that the SUBJECT PARCEL contains narcotics or narcotic proceeds.

///

///

## V.   <u>CONCLUSION</u>

17.   For the reasons set forth above, there is probable cause to believe that the SUBJECT PARCEL, as described in Attachment A, contains evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES, as described in Attachment B.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 26th day of May, 2023.

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

<u>PARCEL TO BE SEARCHED</u>

1.    The following United States Postal Service ("USPS")
Priority Mail parcel seized on May 24, 2023, at the Moreno
Valley Post office located at 24040 Postal Avenue, Moreno
Valley, California, and currently in the custody of United
States Postal Inspector Service:

The SUBJECT PARCEL is a USPS Priority Mail parcel bearing
tracking label number 9505 5148 6777 3144 9233 45, weighing
approximately 8 pounds and 4 ounces, with a return address of
"U.S. Plastic, Inc. 1561 Eastridge Ave Ste 102 Riverside, CA
92507" and a recipient address of "Kim Hinds 110 Sherman Ave.
New Haven, Ct. 06511."

**ATTACHMENT B**

ITEMS TO BE SEIZED

　　　The following are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy to distribute or possess with intent to distribute a controlled substance), and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

　　　　　a.　Any controlled substances, including marijuana;

　　　　　b.　Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

　　　　　c.　Parcel wrappings used to conceal items described in (a) and/or (b).

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means                    ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | Case No. 5:23-MJ-00267 |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | |
| | ) | |
| A United States Postal Service Priority Mail parcel | ) | |
| bearing tracking label number 9505 5148 6777 | ) | |
| 3144 9233 45, currently in the custody of the | ) | |
| United States Postal Inspection Service | | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for_____days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:      <u>May 26, 2023 at 2:57 p.m.</u>               _____
                                                                                                 *Judge's signature*

City and state:      <u>Riverside, CA</u>                         <u>Honorable Kenly Kiya Kato, U.S. Magistrate Judge</u>
                                                                                                 *Printed name and title*

AUSA: Cory Burleson (951-276-6945)

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| **Certification** |
|---|

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

### AFFIDAVIT

I, Anthony Herrera Jacobs, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of an application for a warrant to search a United States Postal Service ("USPS") Priority Mail parcel currently in the custody of the United States Postal Inspection Service ("USPIS").  The parcel, as described more fully in Attachment A, is a USPS Priority Mail parcel bearing tracking label number 9505 5148 6777 3144 9233 45, weighing approximately 8 pounds and 4 ounces, with a return address of "U.S. Plastic, Inc. 1561 Eastridge Ave Ste 102 Riverside, CA 92507" and a recipient address of "Kim Hinds 110 Sherman Ave. New Haven, Ct. 06511" (the "SUBJECT PARCEL"). Attachment A is incorporated by reference herein.

2.    The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance); 846 (conspiracy to distribute or possess with intent to distribute a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the "SUBJECT OFFENSES"), as described more fully in Attachment B.  Attachment B is incorporated by reference herein.

3.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and

information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II.  BACKGROUND OF AFFIANT

4.    I am a United States Postal Inspector employed by USPIS.  I joined USPIS in August 2003.  I am currently assigned to the USPIS Los Angeles Division, Narcotics Team and Parcel Task Force, which is responsible for investigating drug trafficking organizations that use parcels to distribute illegal narcotics and narcotics proceeds.  As part of my law enforcement duties, I have conducted over 150 parcel investigations that have resulted in the arrest of individuals who have received and distributed controlled substances, as well as the seizure of 750 parcels containing approximately 80 kilograms of fentanyl, 97 kilograms of cocaine, 613 kilograms of methamphetamine, 10 pounds of heroin and 5 gallons of PCP.  I have written over 240 search warrants on parcels and residences resulting in currency seizures of over $3 million dollars in drug proceeds.  I have used cooperating defendants in purchases of controlled buys in furtherance of federal cases.  Many of these federal cases involved the search and seizure of digital devices during the investigations.

### III. <u>BACKGROUND, TRAINING, AND EXPERIENCE REGARDING</u>
### <u>THE TARGET OFFENSES</u>

5.    Based on my training and experience as a Postal Inspector, and the experiences related to me by fellow Postal Inspectors who specialize in drug investigations, I declare as follows:

a.    Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In the early 1990s, Postal Inspectors in Los Angeles, California, and surrounding regions such as the High Desert and Low Desert areas that include Riverside and San Bernardino Counties, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances.  Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

b.    Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders.  By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much

smaller conveyances, which lend a sense of legitimacy to the parcel.

c.    The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant source area for controlled substances.  Controlled substances are frequently transported from the Inland Empire area via USPS, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via USPS.  These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000.  Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

d.    Drug traffickers often use one of two USPS services:  Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product.  Drug traffickers use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the article's progress to the intended delivery point.  Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution.  Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track

the article's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

6.   Based on my training and experience, and the collective experiences related to me by fellow Postal Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

        a.   The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

        b.   The parcel bears a handwritten label, whether USPS Express Mail or Priority Mail;

        c.   The handwritten label on the parcel does not contain a business account number;

        d.   The seams of the parcel are all taped or glued shut;

        e.   The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

        f.   Multiple parcels are mailed by the same individual, on the same day, from different locations.

7.   Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses or examination by a trained drug detection dog.

8.   I know from my experience and training that drug traffickers often use fictitious or incomplete names or

addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases. Indeed, it is my experience that to the extent real addresses are ever used it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

## IV.  **STATEMENT OF PROBABLE CAUSE**

9.   On April 25, 2023, I was contacted by USPIS Task force Officer Jake Burger of Des Moines, Iowa.  TFO Burger told me that he was conducting a narcotics investigation related to a controlled purchase of multi-colored "M30" pills, which were mailed in a parcel from a Moreno Valley Post Office to Des Moines, Iowa (the "Iowa Parcel").  TFO Burger asked for assistance in retrieving video surveillance of the individual who mailed the Iowa Parcel.

10.   TFO Burger explained that the M30 pills were the colored version, weighed approximately 170 grams, and were purchased for $5,200.  The M30 pills in the Iowa Parcel tested presumptively positive for fentanyl.  TFO Burger sent me photos of the Iowa Parcel that the fentanyl pills were shipped in.  The Iowa Parcel was mailed from the Moreno Valley Post Office located at 24040 Postal Avenue in Moreno Valley, California, on March 20, 2023.  The listed return address on the Iowa Parcel was "Mark Rubio 1398 Ransom Rd Riverside, Ca 92506" and the recipient address was "Sarah Rubio 308 w Boston Apt3 Indianola, IA 50125."  The labels on the parcel were typed out in print using what appears to have been a label maker.

11.  On May 4, 2023, Riverside Police Department Detective Scott Levesque retrieved the March 20, 2023 video surveillance from the Moreno Valley Post Office for this investigation.  At my direction, Detective Levesque showed a photo of the Iowa Parcel's mailer to the postal employees and instructed them to call if the same individual returned to mail another parcel.

12.  On May 24, 2023, I received a call from a USPS employee, K.C., at the Moreno Valley Post Office.  K.C. told me that a man matching the photo of the Iowa Parcel mailer was in the Moreno Valley Post Office lobby with the SUBJECT PARCEL. The mailer mailed the SUBJECT PARCEL and paid for postage in cash.  I instructed K.C. to set aside the SUBJECT PARCEL.

13.  Later that same day, I reviewed the video surveillance of the Iowa Parcel mailing on March 20, 2023, and determined that the mailer of the SUBJECT PARCEL was the same person that mailed the Iowa Parcel.

14.  I examined the SUBJECT PARCEL and immediately noticed that the labels were typed out in print using what appears to have been a label maker, similar to the Iowa Parcel.

15.  On or about May 24, 2023, I used the CLEAR database to check the return and recipient addresses listed on the SUBJECT PARCEL and learned the following:

    a.  The recipient address listed on the SUBJECT PARCEL is "Kim Hinds 110 Sherman Ave. New Haven, Ct. 06511." CLEAR located the address and was able to connect "Kim Hinds" to that address as of November 2022.

b.    The return address listed on SUBJECT PARCEL is
"U.S. Plastic, Inc. 1561 Eastridge Ave Ste 102 Riverside, CA
92507."  CLEAR located the address and associated "U.S.
Plastics, Inc." to that address.  That same day, I spoke to
assistant manager G.M. of U.S. Plastics, Inc. in Riverside.
G.M. has worked for U.S. Plastics, Inc. for seven years.  G.M.
told me that U.S. Plastics, Inc. did not send the SUBJECT
PARCEL.  He also told me that when U.S. Plastics, Inc. mails
parcels, they use FedEx or UPS and pay with a company credit
card.

16.  In my training and experience, drug traffickers will
attempt to conceal their identities by using legitimate
businesses as a cover.  Given that U.S. Plastics, Inc. did not
mail the package, and that the mailer previously mailed
narcotics from the Moreno Valley Post Office, there is probably
cause to believe that the SUBJECT PARCEL contains narcotics or
narcotic proceeds.

///

///

## V.   <u>CONCLUSION</u>

17.   For the reasons set forth above, there is probable cause to believe that the SUBJECT PARCEL, as described in Attachment A, contains evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES, as described in Attachment B.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 26th day of
May, 2023.

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

<u>PARCEL TO BE SEARCHED</u>

1.   The following United States Postal Service ("USPS") Priority Mail parcel seized on May 24, 2023, at the Moreno Valley Post office located at 24040 Postal Avenue, Moreno Valley, California, and currently in the custody of United States Postal Inspector Service:

The SUBJECT PARCEL is a USPS Priority Mail parcel bearing tracking label number 9505 5148 6777 3144 9233 45, weighing approximately 8 pounds and 4 ounces, with a return address of "U.S. Plastic, Inc. 1561 Eastridge Ave Ste 102 Riverside, CA 92507" and a recipient address of "Kim Hinds 110 Sherman Ave. New Haven, Ct. 06511."

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy to distribute or possess with intent to distribute a controlled substance), and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

       a.   Any controlled substances, including marijuana;

       b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

       c.   Parcel wrappings used to conceal items described in (a) and/or (b).